IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| ARTHUR RANDALL LEE, | **MEMORANDUM DECISION & DISMISSAL ORDER** |
| Plaintiff, | |
| v. | |
| JOSEPH COOMBS et al., | Case No. 2:17-CV-301-TS |
| Defendants. | District Judge Ted Stewart |

## BACKGROUND

- May 1, 2017     Plaintiff filed prisoner civil-rights complaint, asserting federal civil rights violated in 2014. (Doc. No. 5.)

- November 1, 2017     Court dismissed Defendant Utah Department of Corrections and ordered service of process on remaining defendants. Defendants were ordered to file in sequence an answer, a *Martinez* report, and a dispositive motion. (Doc. No. 13.) Order further stated, "If served with a summary-judgment motion . . ., Plaintiff *must* submit a response within 30 days of the motion's filing date." (*Id.* (emphasis added).)

- February 16, 2018     Defendants filed answer. (Doc. No. 27.)

- April 11, 2018     Plaintiff moved for time extension for response to answer. (Doc. No. 36.) He states, "If for any reason plaintiff cannot obtain counsel by June 10, 2018 he will be prepared to respond to defendant[s], point for point." (*Id.*)

- May 7, 2018     Court denied motion for time extension, noting, "There is no procedural rule allowing a response to answers." (Doc. No. 37.)

- May 17, 2018     Defendants filed *Martinez* report. (Doc. No. 40.)

- June 18, 2018     Defendants filed Motion for Summary Judgment. (Doc. No. 42.)

- June 21, 2018     Defendants filed notice of change of address for Plaintiff. (Doc. No. 44.)

- December 21, 2018 Court ordered Plaintiff to within thirty days show cause why action should not be dismissed for failure to prosecute and file response. (Doc. No. 46.)

The Court has not heard from Plaintiff since April 11, 2018 (over ten months ago).

**ANALYSIS**

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating, though Rule 41(b) requires defendant file motion to dismiss, Rule has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or comply with orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Thus, the Court must determine if the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally

accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (§ 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations here, the Court concludes that Plaintiff's claims likely would be barred as untimely if refiled after dismissal. Plaintiff's claims arise from alleged events occurring in 2014. Aside from this pending lawsuit, the statute of limitations would have expired in 2018. It is now February 2019. Thus, a dismissal here would operate as a dismissal with prejudice.

When the dismissal is effectively with prejudice, this Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual prejudice to [Defendants]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they

represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the factors as follows:

Factor 1: Degree of actual prejudice to Defendants. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court concludes that Plaintiff's neglect prejudices Defendants. Starting more than fifteen months ago--on November 7, 2017--when summonses were executed, Defendants have defended this lawsuit in good faith. They have closely adhered to the Court's order, (Doc. No. 13), to submit an answer, (Doc. No. 27), *Martinez* report, (Doc.

4

No. 40), and summary-judgment motion, (Doc. No. 42). The *Martinez* report and summary-judgment motions thoroughly recite the facts and law, analyze the issues, and provide four relevant exhibits with evidentiary support. (Doc. Nos. 40 & 42.) This all took considerable time and resources from Defendants--and all for naught as Plaintiff has been entirely unresponsive. Defendants have wasted more than fifteen months of litigation since they were first served. To let the case proceed when Plaintiff has not met his duties might require Defendants to spend more unnecessary time and money to defend a case that Plaintiff seems to have no interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc*., No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc*., No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS 195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders.").

Factor 2: Amount of interference with judicial process. In *Jones*, the Tenth Circuit concluded that Plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

Likewise here, this Court determines that Plaintiff's failure to prosecute his case, and specifically his failure to comply with court orders, necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to put himself in a position to comply with court orders disrespects the Court and the judicial process. Plaintiff's neglect has caused the Court and staff to spend unnecessary time and effort. The Court's frequent

review of the docket and preparation of orders to move this case along have increased the workload of the Court and take its attention away from other matters in which parties have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor also weighs toward dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

Factor 3: Litigant's culpability. Proof of culpability may be drawn from Plaintiff's failure to provide an updated address and respond to Defendants' summary-judgment motion. *See Villecco,* 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff solely responsible for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating plaintiff at fault for inability to receive court filings based on failure to notify court of correct address).

Earlier in this case, Plaintiff showed he could file a complaint on his own and respond to Court orders. (Doc. Nos. 5, 7-9, & 11.) Because the last time Plaintiff reached out to the Court

was when he filed his April 11, 2018 motion for a time extension to respond to Defendants' answer, (Doc. No. 36), he was clearly aware of the November 1, 2017 Order, in which the Court required service of process on defendants; defendants to answer; defendants to file a *Martinez* report; defendants to file a dispositive motion; and Plaintiff to respond to the dispositive motion. (Doc. No. 13.) Still, almost eight months have passed since Defendants' summary-judgment motion was filed, with no response or word from Plaintiff. And Plaintiff has not responded to the order to show cause or notified the Court whether he has again changed his address, though his past actions indicate that he knew that he should. *See Banks*, 680 F. App'x at 724.

This factor weighs in favor of dismissal.

<u>Factor 4: Whether Court warned noncomplying litigant that dismissal was likely sanction</u>. In *Faircloth*, the court twice warned plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

Here, the Court said in February 2, 2018 that "[i]f served with a summary-judgment motion . . . Plaintiff *must* submit a response within 30 days of the motion's filing date." (Doc. No. 13 (emphasis added).) And, in December 21, 2018, the Court warned that without a response

8

within thirty days Plaintiff's case would "be dismissed for failure to prosecute and failure to file a response." (Doc. No. 46.) There can be no mistaking the Court's intentions.

Factor 5: Efficacy of lesser sanctions. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

And in *Villeco*, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp*., 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles, the Court concludes that no sanction less than dismissal would work here. First, though Plaintiff is *pro se*, he is not excused from neglect. *See Green,* 969 F.2d at 917. Second, Plaintiff has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because there is no way for the Court to even know whether Plaintiff is receiving its orders. "It is apparent that Plaintiff is no longer interested in and/or

capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13.

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Plaintiff's total lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED with prejudice. This action is CLOSED.

DATED this 19th day of February, 2019.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court